Thank you very much, and may it please the Court, I'm John Rue from John Rue & Associates, here for the appellant, and I'd like to reserve two minutes for rebuttal. Two minutes, please. Yes, absolutely. Just give me one moment, if you would. Certainly. I want to be done with my rustling of papers so I can be a thousand percent focused on all of the things you have to say. Thank you, sir. Thank you, Your Honor. Per DE v. Dauphin, as the Court asked us to discuss in today's argument, federal jurisdiction attaches to an appeal by a party aggrieved by an IDEA administrative order. As this Court acknowledged in that case, an aggrieved party in an IDEA dispute extends far beyond a litigant who lost after a full-blown evidentiary due process hearing. The parents here were aggrieved by the ALJ's final decision approving settlement, which expressly incorporated a factual finding that the agreement was voluntary and a legal holding that the agreement complied with the law, but without stating what law it complied with. Third Circuit law governing waivers of IDEA rights is stated by W.B. v. Michula, which this Court also asked us to be prepared to discuss, imposes a heightened standard on a finding of an IDEA waiver of rights. So on the record before this Court, there can be no plausible doubt that the parents who were aggrieved by the administrative order disputed the Michula factors in the federal complaint. Accordingly, jurisdiction attached, and their case was wrongly dismissed below. In addition, this case should be remanded, but not to the DNJ, but specific all the way to the OAL or to the DNJ with instructions. MKW was not even present during the negotiations. She wasn't present. She never saw the agreement before it was entered as an order. There isn't even a signature line for her on the supposed agreement, which waived her rights under the IDEA. And accordingly, this agreement should... Your colleague asserts that the ALJ here was acting under color of New Jersey law, not under the IDEA in approving the settlement. I wanted to just make sure I understand your characterization of what the claim is in count one of the federal complaint with regard to the ALJ's order. Is it simply to void a settlement agreement, or is it a claim for the denial of a due process hearing? I'm having trouble dissecting those, Your Honor, simply because the settlement agreement was what aborted the due process hearing. So yes, it is both. It is to void the settlement agreement and remand the case to the OAL for a due process hearing. The result of the improperly executed settlement agreement was the denial of a due process hearing to the parents. And did you specifically request, in terms of the relief that you're seeking, a remand to the Office of Administrative Law? I believe we did, Your Honor. I'd have to look in the complaint for the specific request, but that's always what we've been seeking. It's a due process hearing. There were allegations made of a denial of faith going back for a period, and prospectively, so seeking compensatory education, prospective relief, as well as attorney's fees. All of those were denied, but none of those can be granted without factual findings, which would have to be made in the OAL. Well, tell me then, how is the ALJ's seemingly perfunctory approval of the settlement agreement in this case a decision that is made on substantive grounds based on a determination of whether the child received a FAPE? When we look at 415, that's what we need. So how do we get there? The substantive grounds are the grounds stated in Machula. There's a six-factor conjunctive test stated in Machula. I'm so sorry. When we look at the agreement, I want to hear about Machula, but starting with the agreement, how do we get there when we're looking at the agreement? The agreement, Your Honor, recites a number of terms. It has a number of terms governing the substantive provision of a FAPE. It waives the right to challenge that these terms will provide a FAPE to the child. These are substantive grounds. And the ALJ found, by finding that the agreement was voluntary and that the waiver was voluntary, it was a substantive finding that this would satisfy the law. But in a way, that's about substantive decision, not substantive finding, right? And there's a difference between decisions and findings. And so what about this settlement agreement is a substantive decision? The approval of the settlement agreement was a substantive decision to give the agreement the judicial imprimatur. I think the stronger argument isn't because the order approving the agreement is pro forma and cursory. I don't think there's anything substantive about that. Like, there's nothing as far as I got. Findings, maybe. You got the pro forma findings language. But the order that the agreement be, I forget if it's enforced or the parties comply with it. I think it's the parties comply with it. I don't think that's substantive. I thought your stronger argument was by ordering that the parties comply with it, the ALJ therefore adopted substantive provisions of the agreement, thus making that decision substantive in that respect. And that's why I kind of resuscitated maybe Judge Greenaway's question about, okay, well, let's talk about that agreement. And what are the substantive provisions? What are the provisions in that agreement that make it substantive such that the adoption of it by an ALJ would be a substantive decision? Follow? Yes, of course, Your Honor. That's the first part, right? But you got to look at the language. Thank you. For some reason, the way you said it resounded with him. Great. Right. But the key is, is it a decision made on substantive grounds based on a determination of whether the child received a fate? That's a lot of work that you're asking a very, very brief agreement to do. So as you can see from our prior two cases, I'm not a red light person. So I got time, so help me. Help me, because you got a lot of work to do to meet this statutory language with what's in the settlement agreement. The settlement agreement, Your Honor, thank you. The settlement agreement is extremely substantive. It is brief, but it states what the child will receive. Paragraph one of the settlement agreement at page 110 of the appendix states that the behaviorist consultant will be removed. The one-to-one aide will not be an ABA therapist. Modifications will apply as appropriate. These are all substantive provisions in the agreement, which was approved by the settlement. Well, I'm talking about, and I beg your pardon, I'm talking about the decision approving the settlement, right? Because that's what you need to do the work here, right? I have it as appendix 050 and 051. Yes, Your Honor. Right, because that's part of how you're going to assert your jurisdiction, et cetera, et cetera, yeah? Yes, Your Honor. Yeah. So that is very brief. That is what? That is very brief, yes, Your Honor. Yeah, yeah, yeah. But that's where you need the work to be done, right? It's not the work has to be done here, right, because the ALJ made two findings, and paragraph two is where you need it to be a decision made on substantive grounds based on a determination of whether the child received a favor. So what is it about the findings that the ALJ made that meets that? The second sentence in the judge's order, Your Honor, on page 050, that first of all stating that this is a dispute under the IDEA and that the parties have voluntarily agreed to resolve all disputed matters and have entered into the settlement agreement as set forth in the attached document, so that document is part of the order, Your Honor. But that, recognizing that the parties agree to something is different, I think, than the determination that a child received or didn't receive a favor, because the parties can agree to something and people settle all the time with no liability clauses. They say, oh, we don't want to agree that we violated any rights here, but we will give you some money, or we will give you the relief that you want. And what the substantive determination seems to me is that, no, you have to actually make a determination that there was whether the child received a free and appropriate education. And the settlement agreement seems to have words that go very strongly to the district doesn't admit liability. And so if the settlement agreement has a no liability clause, and the ALJ just orders compliance with that settlement agreement and all the terms associated with it, where's the determination that there's been a violation of a free appropriate public education? I believe that the determination is in finding that the two things, the finding that the settlement agreement as incorporated into this order is voluntary and that it complies with the law are substantive findings and holdings. Is your position that the consistent with the law is a determination by the ALJ that what's set forth in terms of services in the settlement agreement is consistent with the IDEA? No, that is not my position. My position is that is compliant with the law means that this settlement agreement, it should mean is compliant with MACHULA, with WB versus MACHULA, that the settlement agreement has been, that it's voluntary, the six factors, that all the factors relevant, that's what an ALJ can do. Even if she hadn't been the judge overseeing the settlement proceedings, she can make a finding that the agreement is voluntary, that the parties had time to think about it, that they had time to talk to their counsel, that sort of thing. I understand your argument on voluntariness, but I'm asking about a different point in terms of the second part of where it says that the settlement is consistent with the law. I take it as to that, you're attributing to the ALJ a determination that the settlement is consistent with FAPE and your client's position is that it's not, right? Yes, Your Honor, that's correct. I would say consistent with the law also incorporates a conclusion that the settlement agreement will comply with the IDEA. It's still consistent with the law to reach a settlement agreement where you admit no liability, right? The law doesn't prevent parties from reaching a settlement agreement where they just say, hey, no liability clause. That's still consistent with the law, right? I would submit, Your Honor, that, for example, to use a hypothetical, I do not believe it would be proper for an ALJ to approve a settlement agreement that would provide no education services to the child and no child money to the parents. That's not what happened here. Let's not go to that extreme. Let's just say that they provided great special education to a student, right? But they said, by the way, no liability. We're doing this to settle, right? We want a no liability clause. That's consistent with the law, right? Giving a great education, great special education, but then also saying we want a no liability clause. The law doesn't prohibit that. That's consistent with the law, right? Only if the district in that hypothetical actually complies with the order, which would mean that the order is incorporated into the agreement. No liability can be no appeal. It has to mean no liability beyond what is being done here and now. It's no underlying liability. It's not no liability that we can ever have this enforced on us. It's just no underlying liability. Once we reach a settlement agreement, then you can have it enforced, and that's why your reference to D.H. is important, right? Because that's an enforcement case. Yes, but I think Matula is much more on point. The mother of this child didn't even participate in these discussions. There isn't even a signature line for her on the agreement. She wasn't there, and she didn't see the agreement before it was entered as an order. The agreement specifically says this can't be a contract case because the agreement says it's not valid as a contract until a board approves it, but the judge entered it as an order three days before the board even took it up. So let's just talk about modes of redress for that. Is redress in federal court the only option you have, or is there some other option that you have at the state level or otherwise to bring those claims, or is the only thing that you have a federal cause of action or not have for that? The rights are conferred under the IDEA, and so there's jurisdiction in federal court. I guess what I'm saying is could you have said, hi, I want to bring a contract claim or a fraudulent inducement claim or something like this in state court? Do you have no redress in state court? Well, I suppose the injury would be the loss of rights under the IDEA, and so it would be a federal claim anyway. That's the waiver that was made in this case. There's no state cause of action? Ordinarily, a fraudulent inducement argument would be introduced as a defense to a contract. The contract here is a waiver of IDEA rights, and this ultimately comes back to the IDEA. The whole case is an IDEA case. The ALJ was sitting in jurisdiction conferred on her by the IDEA. Let me ask you this question. Oh, I'm sorry. No, it's fine. How is the IDEA implicated in the resolution of the merits of a complaint alleging a defect in the formation of a settlement agreement? That's really the core of what we have here, right? What we're appealing is the decision approving the settlement agreement, which is what aborted the due process hearing, which the parents had actually showed up to participate in. That's what we're appealing. We're appealing the approval of this agreement and the dismissal of the case because it did not meet with the standards of MACHULA. Can we back up for a second? Because we seem to be talking about a couple of different things. So there is the process of an impartial due process hearing under Subsection F of the IDEA. Yes, Your Honor. Right? And that covers everything from the resolution session, the preliminary hearing, a hearing, disclosure of evaluations and recommendations, the timeline and process for the hearing, and then an actual hearing and decision. And along the way, as I understand it, an ALJ can make a number of decisions, including, for example, that a claim is untimely, right? Yes. Well, when we get to Subsection I, in terms of the right to bring a federal action dealing with a party aggrieved by the findings and decisions made under Subsection F, your position is that that includes all of the kinds of findings as well as any substantive determination that would be made under Subsection F. Is that right? Of course, Your Honor. And I thank you. It's a very good example of an ALJ might rule that a claim has been brought untimely. That is not a finding, a substantive finding, as to whether or not the child has received a fate. It says we're not going to address the question. But then that, of course, can be appealed to federal court where the aggrieved party, the parents who have lost their right to bring a cause of action because the ALJ has held that their cause of action is untimely, to argue to the federal court that that decision was wrongly decided. They can't be relegated to state court to allege the best cause of action they can cobble together under contract common law. So, in terms of the findings at issue here, you're alleging that the voluntariness finding is one that implicates rights under Subsection F, as well as whether the services provided in the agreement are consistent with the law under Subsection F? Yes, Your Honor. Okay. I understand. Thank you. Well, I see that my time is up, and I see a silent panel. So, unless there are any other questions, thank you very much. Okay, thank you. Good afternoon. Good afternoon. May it please the Court. My name is Jessica Kleen, and I'm here on behalf of the Ringwood Public School District. I thank Your Honors for sending a letter yesterday asking us for clarification because, frankly, I was terrified you were going to ask me about a case I wasn't prepared to discuss. So, I appreciate that. With respect to DE, and obviously in contravention to my colleague, we find DE to be distinguishable in this case. Firstly, DE involved a substantive finding by a hearing officer, and here there was no substantive finding by a hearing officer. Also, under DE, that was an enforcement action asking a federal court to enforce the substantive findings of a FAPE by a hearing officer. Again, here we have that. We don't have that, rather. We have an ALJ who entered an order pursuant to state law that incorporated a settlement agreement that was voluntarily entered into by the parties. Is it really the school district's position that an ALJ has authority to approve a settlement that does not comply with the IDEA? No, Your Honor. Our position is that by state law, and it's NJAC 1 colon 1 dash 19.1, they are required to enter into an order any voluntary settlement brought to them. So, they're not making any findings with respect to the settlement agreement. What they're doing is complying with the state law that says if the parties come to them once they're at the administrative court, they have to enter it into an order, and they have to use the very language that Judge Bass used. But an ALJ can't do that under state law without jurisdiction over the claim, right? Well, in this case, the judge was not sitting in jurisdiction when she entered the order under the IDEA. She was doing it as an actor of the Department of Education, who was acting under the authority of the IDEA. Under what authority was the ALJ approving an order that waived a due process hearing? So, and I understand why both my colleague and I disagree on these issues because they're very minute. In our position, what occurred here was the ALJ made no substantive findings under the IDEA. Rather, she entered an order pursuant to state law that the parties voluntarily, and absent her undue influence, agreed to waive both parties, by the way, because the district also had a pending due process that was resolved through this voluntary settlement. She had no input whatsoever into that. Instead, what she did, her action, was purely procedural as opposed to substantive. So, let's just tease this out. If the ALJ is acting purely under state law, and not under the auspices of the IDEA, and the ALJ makes a colossal error, you know, or is the answer sorry, there's just, there's nothing? Or is the answer to just, I don't know, not try to abide by, I don't know. But what, if the answer is there's no redress in the federal system because it's not a substantive decision, it's a very strange thing to then say, you know, the other shoe, there's no redress at all. So, I guess my thought is, what is the other shoe as far as the redress that would be available if it's not here in the federal system? So, before I get to your answer, or to respond to you, I would like to point out that this is a very narrow set of facts. These parents are claiming that this judge coerced them into entering into this settlement agreement. But, I mean, at one level, I mean, the problem is they may be narrow today, but they may be really, really, really repeatable if it's unreviewable. Right. And so, that's why we need to know where is the mode of review. I mean, you know. I do think you can narrowly construe your opinion on these facts without upsetting future cases should they not be mandated, or should they not be solidly clinging to the idea that a judge coerced them. In this case, absent their claim that Judge Bass coerced them, they could perhaps argue many of the other things that you've already discussed in terms of the substance of the settlement agreement, which, by my reading of the briefs of the parents, they've waived. If you look at their brief, they actually say, for abundance of clarity, the parents do not intend to replead. They waive the right to do so, and they firmly believe they have no recourse in a contract action brought in state court, as they do not seek to vacate the contract, nor do they seek to enforce the agreement. So, my position here would be is that if they have a problem with the judge's conduct, that is an issue between them and the judge and whoever oversees the judge. It is not an issue for the public school system. They have, under the IDEA, they have a federal right to a due process hearing. Yes. So, if the ALJ had come in here and simply issued an order disposing of all of these issues without giving them the opportunity, ruled against them without the opportunity for a due process hearing, wouldn't the parent have the opportunity to challenge that under subsection I in federal district court? Yes, depending on why the judge made that decision, I suppose. I mean, if it was a substantive finding, of course, then a federal court would be able to review the substantive findings. But here, what is a federal court going to review? There's nothing for them to review. There's no record. So, look. Just to finish the question. So, if the judge simply wants to get on with the other cases that morning and, therefore, dismisses their case without conducting a due process hearing, there would be the right under those circumstances to appeal it to a federal district court, right, under subsection I. I agree. So, given their allegation here that this was coerced, that the waiver is invalid, it's actually void under the circumstances, why aren't we in the same position? Because in this case, the parents, I understand they're claiming they didn't, but they voluntarily entered into a settlement agreement. That's disputed. Their allegation in the complaint is that they didn't. That's the complaint that's in front of the federal district court saying it was not voluntary. The only other thing in front of the federal district court is a transcript on the record where the father is swearing that he was not coerced. So, those facts are very specific here. If the judge in your hypothetical dismissed without any grounds, I could see you appealing that to federal court. Well, the federal court should make a determination about voluntariness. But we're talking about just the threshold question. Does a federal court have jurisdiction over a complaint that says that parents were denied a due process hearing based on a settlement, a purported agreement that was in fact coerced? That's the allegations in the complaint. That could be litigated, whether it was voluntary or not. But that complaint, you're saying there's not federal jurisdiction over that claim. Right. In their complaint, counts two and three are state law claims. They plead them as state law claims. The only count they have is the first count as an IDEA count. But in that, all they are asking a federal court to do is decide that Judge Bass incorrectly found that they entered into the agreement voluntarily, which is not part of what she is mandated to do in Section 1415. I thought their claim for relief is that the matter be remanded to the Office of Administrative Law for a due process hearing. Their count was solely based on, yes, they did ask for that, Your Honor, but their count was solely based on the federal judge to find that Judge Bass incorrectly found they entered into the agreement voluntarily. Go ahead. Well, that's based, presumably, I'm not speaking for your adversary, but that's based on looking at the statute and determining that under E, F3E, decision of the hearing officer, that a decision made by the hearing officer, and the question is, is the decision entering the settlement agreement a decision made by the hearing officer, shall be made on substantive grounds, still haven't heard an answer on substantive grounds, based on a determination of whether the child received a FAPE. Presumably, by the court approving the settlement agreement, that could be a decision made on substantive grounds. So help us, because if it's not a decision made on substantive grounds, based on a determination of whether the child received a FAPE, then the question of federal jurisdiction would have to go by the White side. Right, so I will reiterate our position, which is that the incorporation of the voluntary settlement agreement was not made on substantive grounds with respect to FAPE, and as Your Honor pointed out, our agreement specifically says the district is not admitting to any liability here. There has been no finding based on their due process complaint under the IDEA at any point, whether it's through the settlement agreement or through a decision of Judge Bass. Should we, go ahead. I'm sorry, just want to follow up. So does that mean your view of the settlement agreement is, put aside substantive grounds for a moment, it does not, the entering into of the settlement agreement doesn't amount to a child receiving a FAPE? You couldn't be saying that, right? No, no, no, no. I'm just, I'm talking specifically about the due process complaint brought under the IDEA that was before Judge Bass, and that this settlement agreement specifically says it's not making a substantive finding as to that due process complaint. So even if you find that her entering the order was substantive, the settlement agreement itself is not even substantive, because by very virtue of the language, the district said it was not admitting to any of the issues brought in the due process complaint. Why does the denial of liability, what relevance does that have to whether the services that are set forth in the settlement agreement provide FAPE or not? Why does one have anything to do with the other? Well, in this case, I think what I'm hearing, or the way that we look at it is, the finding of the judge in this case had to do with the due process complaint brought by the parents. So whether or not the settlement agreement in the future confers a FAPE to MW is not really the question, wasn't the question at the time of the due process complaint, and it's not the subject of the actual settlement. So at the time they filed the complaint, they were contesting an IEP from 2017, I believe. That is not part of, that IEP itself is what was changed, but going forward, that isn't reached by the settlement agreement. Just to follow up on Judge Greenaway's question, is it your position that in terms of the services provided in a settlement agreement, that an ALJ can approve a settlement agreement that offers services that the ALJ concludes do not provide for inappropriate education? So I think that's a great question. That's actually one of the things I wanted to bring up in my opening statement, was I don't think they can without some type of fact-finding into that settlement agreement. Because the way that it works in the state of New Jersey is, more often than not, the judges incorporate these settlement agreements without ever seeing our faces. We send them to their clerks because we resolve these matters amongst ourselves before we even get to the court. So they're not making any substantive findings as to the settlement agreement terms themselves, let alone as to whether or not the parties are entering into them voluntarily. They are just following state law. So in this case, if you were to say that the judge here was making a substantive finding, you would have to change the whole process in the state of New Jersey then. What if the settlement agreement said, we hereby recognize that we previously denied a FAPE, now these remedies that we're providing do provide a FAPE? You could imagine a situation where the settlement agreement had a bunch more whereas clauses or recitals or had a bunch more terms or something like that, that you could say, by ordering compliance with that, that gets us closer to a substantive determination. It's just kind of what the stock form that people like to use is. You could imagine ginning that up to make it more substantive, or you could imagine toning it down to make it less substantive. And I guess at the end of the day, my answer, I still don't know the answer to the question. And the answer to the question is, let's just say this isn't a substantive decision. What redress do plaintiffs here have when they claim that they were coerced into a settlement that's not their agreement, that a state ALJ said, no, you weren't coerced, and it is your agreement. Is the answer, it's over for you, sorry, because that decision is not substantive. Because it didn't address fate because the agreement that you were coerced into has a no liability clause. See, that's a little bit of a problem, right, unless there's alternative redress. So two things. One, I agree with your first point, we could change the language, but that also would have to change the way in which the judges read these settlements. They would actually have to read them for substantive findings. But two, the parents have pointed out themselves in their own briefing their recourse. They could have gone to state court. In fact, they pled two separate state court claims. They could have brought those to the court and then argued this contract claim at the same time. But doesn't the claim now have to be about voluntariness? And as we know from Westchester Area School District versus AM, the finding of the ALJ that it was voluntary will control in state court. So if the parent's position is that it was involuntary, they're entitled to their federal right to a due process hearing, but the determination, the finding of the ALJ is going to control in state court, what recourse do they have in terms of vindicating a federal right, if hypothetically it was an involuntary agreement? So I suppose you would have to go to state court to have your settlement agreement invalidated. You'd have to have some type of factual finding that it was actually not entered into voluntarily, which then means they would be free to refile their due process complaint because I couldn't enforce the settlement agreement. But the Pennsylvania courts have already taken the position that the ALJ's finding that something is voluntary will carry over into the state court process. So how under those circumstances would there be any recourse? Because here the parents are saying that the ALJ herself was complicit in this action. So I actually don't know what process you take to allege misconduct on behalf of a judge, but that is what they would have to do here. And then it seems to me if they were able to do that, then of course her decision that was voluntary wouldn't carry over to state court. They don't need to make a disciplinary claim against the judge. The issue is whether the agreement with the school district is voluntary or not. Well, their position here is that the judge coerced them. They're not claiming that the school district did anything irregular in entering into the agreement. Well, why don't they just file an action for rescission or some other avoiding the settlement agreement, just say, listen, we aren't suing the ALJ, we aren't suing LSS, because we've got our rights and obligations aren't vis-a-vis the ALJ, they're vis-a-vis the school district, and so we'd just like to rescind this, and who knows, maybe the school district would say, fair enough. Who knows what you did, huh? I'd certainly be open to that. We also have to remember that the IDEA is about MW. It's about this child who at this point is an eighth grade student. He's halfway through his eighth grade year. My district is a K-8, which means he will be exiting our district in the next few months. In practicality, I don't know how this will help him in terms of moving forward. This is an IEP.  You're not arguing mootness at this point, right? Of course not, Your Honor. Okay. What do we make of the fact that the order of the ALJ, you say that this was entered purely as a, this is just form language and authority being exercised under state law. The ALJ seems to think that it's making a decision pursuant to 20 U.S.C. 1415 I1A, and that it is appealable by filing a complaint in a district court of the United States under subsection I. Where does the ALJ get that authority from state law? I don't know, Judge. I don't know the answer to that. Where the ALJ has included that on the approval of a settlement, should that right to appeal a final decision under 1415 I be viewed as part and parcel of the settlement agreement? I don't think so, and I don't think that they have the authority to confer federal jurisdiction. And I can, again, tell you from practice, this is just the format that they use. And, in fact, if you look at the transcript of that day, she tells all of us, she'll be handing this over to her secretary to enter it into the order. It's not a substantive finding that they make. It's not the process that we use now. I'm not defending it. I am just saying that's how it is done. What's the practical effect? Let's say we disagree, and we say, boy, it kind of looks substantive to me. And we also say that when you look at paragraph two, there's a lot of work that's there. The court is disposing of all issues, so going to look through the agreement, figure out what the issues are, and that they're all consistent with the law. That's certainly some lifting. And then the clause that Judge Krause just read to you, are we to just put that all aside and say that's just verbiage? Or if we read that and say that must mean something, what does that do to what seems to be, by the state, is just sort of a perfunctory act? If we read it differently and say, no, there's something substantive here, what does that do to the way it would be viewed by the state? I'm just trying to figure out what's the practical effect of one way of looking at this. I do think that if your honors find this to be substantive and confer federal jurisdiction, it's going to have a chill effect on settlement discussions in the future. I think for two primary reasons. Number one is because the state law does require us right now, and by us I mean the OAL, to incorporate settlement agreements into orders. They don't have a choice. Once those cases are at the Office of Administrative Law, they must use this format to incorporate them into orders. So that means that the parties from here on out know that once we get to the OAL, our settlement agreements are going to automatically have federal jurisdiction conferred upon them, and that might change the posture of settlement at that point, once you get to the OAL. Why would that be so with a statute that it appears that at every other stage of a proceeding specifically provides federal jurisdiction? If there's mediation, where there's mediation, so it's a mediator that's doing the approval, it provides for the right to appeal to the federal court. If there's a private resolution between the parties, the ALJ isn't even yet involved. It expressly provides for appeal and jurisdiction in the federal court. And you're asking us to read subsection I so that if there's a settlement that involves the ALJ, that for some reason I should be read not to allow the appeal to the federal court. How does that make sense under the scheme that Congress set up? Because under Section 1415 right now, outside of mediation or resolution, and resolution is a term of art. Resolution isn't just the parties meeting at some point between the filing of the two-process complaint and it being transferred to OAL. Resolution is a very discreet meeting that is happening between the school district and the parents and almost always excludes attorneys. So outside of mediation and resolution, the federal court wouldn't have jurisdiction over a settlement agreement. Or at least 1415 doesn't offer that. Let me just pick up on it. If that's true, you're basically saying that the final disposition clause in the ALJ's order is wrong. Is what? Wrong. You can't square your position with the ALJ's final disposition paragraph. I don't see how. Are you with me? I am. I am. I cannot. I don't think they have the authority to confirm jurisdiction. That was part of our argument. But you're absolutely right. I don't know why they use it. I don't know what they were hoping to get out of it. But it certainly isn't based in 1415. And the only thing it's based on is state administrative code. If I could, just finish up on the practicality of what happened here. Sorry, can I ask another hypothetical to just make sure I understand your position? So the school district came with a settlement agreement written out. The parents said, we don't agree. We don't agree to it. And the ALJ fills out one of these forms and attaches the settlement agreement. It doesn't proceed with a due process hearing. Is it the school district's position that there's no jurisdiction to appeal the involuntariness of the settlement agreement to the federal court? I just want to make sure I'm clear on this. So you're saying that the parties are before an ALJ, and the school district hands the judge the settlement agreement, and is over the objection at that moment. I assume it's truly involuntary that the parents don't consent to a settlement agreement. Just take that as a given. With the extreme hypothetical, the parent stands there and says, I don't consent. And the ALJ fills this out and says, this is a final decision, and I order the parties to comply. I don't believe that 1415 or any case law confers the federal court jurisdiction, even in that case. I think the parents have different recourse in that case, but I don't think it's under the federal law. So an ALJ's decision denying a due process hearing involuntarily is, in the school district's view, not appealable to the federal court? That's pretty remarkable. In the hypothetical that you just gave. I mean, is the action that it's not appealable under IDEA? I mean, or is the answer that there would be some sort of separate cause of action? I don't know if it's 1983 or if it's something else like that that says, listen, your redress isn't to appeal this decision and directly kind of appeal this decision to federal court. Your redress, that's not to say that federal law never provides redress. It's just that the IDEA doesn't provide kind of appellate caliber redress. So Judge Krause's question I think was, at least as I understood it, was no redress at all to federal court. And I guess I just want to nuance that and say, are you saying no redress at all, or are you saying no redress in this appellate capacity pursuant to the IDEA's prongs, pathways to redress? I was referring specifically only to 1415. I'm not saying that there wouldn't be other redress under other state or federal laws. But what other federal law would apply? I guess it would depend on the scenario in which the parents were making their claim. But if they were, for example, bringing some type of civil rights action against the district end or the judge, I guess in that case. Judge would get judicial immunity. We know that. But since it's been abrogated to that extent, there is no 1983 action that could be used to enforce this claim, right? No. So I guess Judge Krause's question is, no IDEA pathway to federal review. And your answer is, I know of no other pathway to federal review in this instance either. I mean, potentially 504, but it's Section 504, but I guess it would be a very similar argument there as well. Although 504 does have different regulations and requirements that Section 1415 don't have. And, in fact, 504 has the ability for compensatory and monetary damages where the IDEA doesn't. So perhaps in that situation, because 1415 doesn't confer jurisdiction, they could sue under 504. Just off the tip. Sorry. No, no, it's not your job to be a plaintiff's lawyer. But at the same time, it helps your case the more that there's, you know. Sure. Refresh, right? Yeah. Could we go back to the other argument that has been made in terms of the administrative imprimatur on the settlement, that is acting as a consent decree concerning the disposition of IDEA rights? Given Kukkonen and PN, with the language of this order and discussion of the attached settlement, why don't we have here that kind of administrative consent decree? I'm sorry, Your Honor, I'm not really sure what your question is. Can you rephrase what you're asking me? Sure, Your Honor. You agree that if the settlement agreement disposing of federal rights is, if there's a consent decree disposing of federal rights, that's appealable to the federal court? Yes. So given the case law and Kukkonen, PN, dealing with the administrative imprimatur, the approval of an ALJ, making something into an administrative consent decree where it's more detailed than a simple so ordered, why don't we have that here, an administrative consent decree dealing with IDEA rights? Well, so in terms of Judge Bassett's order, where our position is she clearly doesn't make any substantive findings, as opposed to a consent order where in most cases they did make substantive findings as to the terms of the agreements. And here Judge Bassett, she wasn't making any rulings or determinations as to the substance of the agreement itself. I understand substantive findings or, you know, a substantive decision is to be made on the basis of faith where there is a substantive decision. That's under F. But subsection I doesn't just talk about a decision. It talks about findings or decisions. I agree. I also don't think she made any findings, though. The only finding she made was specifically with respect to the voluntariliness of the agreement. She didn't make any findings with respect to the IDEA or even any findings with respect to the complaints brought by the school district and the parents, which was the matter before her. So the finding that the settlement is consistent with the law means what? In our view, that's the NJAC, that's the administrative code law that she's referring to because that is the format, again, that is used for all settlements, even if they don't even look at the agreements, frankly. And the finding that the decision is final under 1415I1A? Again, I can't square our argument with that except to say our position is they don't have the authority to confer that jurisdiction. So it was an error on their part to have that on the form. It looks like the whole order is an error. But you don't have to answer that. Do you have anything? Just to make sure I understand, it's not the school district's position that only substantive determinations about whether faith was provided or not are appealable under subsection I, right? Correct. Other findings, timeliness and all sorts of other dispositions outside the scope of the actual pre-hearing are still appealable? So long as those items are denoted within 1415 or the state implementing regulations. So if it's something that was conferred, for example, the discovery before trial, the five days, if that rule was violated and the judge made a determination based on that, that is solely within the code. So yes, I think in that case the federal court would have jurisdiction. But if it's not in here, as in our case, it's not in here, I don't think. So in 1415, it provides the authority for the ALJ to act in the context of holding or not holding a due process hearing, right? Yes, but our argument is that's not what she did here. She simply took the party settlement agreement and put a form on it so she could close her matter procedurally. And that has no effect on the rights under 1415? Not her action. Our settlement agreement certainly does, but her action in closing the matter procedurally, you know, outside of that procedural function. I guess we're full circle then, because the parent's challenge is that she closed it improperly, right? Yes, I'm aware of what, yeah, their challenges. And so that's a challenge to the authority of the ALJ in approving the settlement. I mean, our position is that that is not something that's provided for in 1415, because that's a procedural issue, not a substantive issue. And there is a distinction made in 1415 between when a procedural issue can rise to the level of a substantive, and this is certainly not one of them. So the ALJ does not have authority to approve a settlement in the IDA context? An ALJ does not have the authority to confer federal jurisdiction over a voluntary settlement agreement entered by the parties. Okay, I think we're going in circles. Thank you. Thank you. Thank you. Okay. Thank you, Your Honor. I'll be very quick. Just a few quick points. The ALJ didn't confer jurisdiction on the federal court. The IDEA did, for reasons explained in our briefs. And it's similar to the way that the DNJ confers jurisdiction on this court when it issues a final decision. The implications of the decision in this case are not narrow. It's not just statute of limitations. If an ALJ were to make a finding that the parent were not the legal guardian of the child and dismiss the case on that ground, there's a case that my firm was recently involved in, I.K. v. Montclair and the DNJ, which was a challenge to a decision that the petition for due process was insufficient, that it didn't state what it needed to state. It didn't make any findings about FAPE. The Federal District of New Jersey Judge Arleo reversed that and remanded it as should happen here. I also want to respond quickly to the idea that parties would have the decision we asked for would chill settlement discussions. In fact, it is not true that parties who could not convince a judge that if this court were to hold that a judge approving a settlement means that the judge is holding that it complies with the IDEA and a district and a parent wanted to settle separately from that, they could enter into a private settlement and the parent, as part of that settlement, could voluntarily dismiss their petition, which the judge has the ability and the authority to do without entering an order such as this one. If the ALJ's role is perfunctory, as described by my adversary, then why is there so much judicial ink spilled over the difference between a private agreement and a settlement that has been given the judicial imprimatur? Those settlements have the ability to go on into the federal system. A private agreement does not. The parties have opted out of it. And I also want to speak to the elephant in the living room here because all three of your honors have expressed interest in what is the parent's actual recourse. Stating that the actual recourse is in state court ignores certain things. Number one, there are no prevailing party fees in state court. So if the issues are not tens, hundreds of thousands of dollars, or even if they are and the parents don't have 10 or 50 or $100,000 to pay counsel, they are not in a position to bring us a messy contract claim in state court where there's going to be very burdensome discovery and there is no protection of the procedural safeguards under the IDEA. So I see that I'm out of time. Those are the last points I wanted to make unless there are any final questions. You aren't saying that there's no redress in state court. You're just saying that IDEA has these very pronounced attorney's fees provisions for actions in federal court that might not exist in state court. Meaning that there would be no practical recourse in state court. For many parents, most parents. Most parents that my firm deals with, and it's pretty much all we do, are not in a position to pay attorneys full freight for their time as the securities class actions lawyers who are here before me. One scenario I can see out of this is that counsel goes back and the order is changed entirely so that there's no reference to the IDEA. From her standpoint, gratuitously in the last paragraph. So as a practical matter, it might be not an avenue to pursue anyway. Just as far as the references to the IDEA, I'm a little bit flummoxed by the idea that this order was issued under state law when the order itself makes no reference to state law but cites the federal law five times. Thank you so much. Thank you very much, Your Honor. Thank you, counsel. We'll take the matter under advisement, and I believe we are adjourned.